524 P.2d 958

Burwell HATCH and Maytee Hatch, Appellants,

v.

DOUBLE CIRCLE RANCH et al., Appellees.

No. 1 CA–CIV 2243.

Court of Appeals of Arizona, Division 1.

July 23, 1974.

Rehearing Denied Aug. 12, 1974.

Review Denied Oct. 1, 1974.

his procedural rights, an unlikely event under such circumstances.

Richardson & Mortensen, by Wilford R. Richardson, Safford, for appellants.

Snell & Wilmer, by Kenneth R. Reed, Phoenix, for appellees.

OPINION

HATHAWAY, Chief Judge.

This appeal is taken from a judgment dismissing appellants' "Petition in Opposition to Arbitration Award".

The pertinent allegations of the petition filed on July 12, 1972 are that the arbitration award was entered on August 21, 1970 (a copy was attached thereto), that appellants' attorney entered into a stipulation without their knowledge or authority and that such stipulation was the basis for the arbitrators' award. Appellants requested that the award be vacated pursuant to A. R.S. § 12–1512 for the reason that the stipulation executed by their attorney was unauthorized and that said attorney "negligently conducted" their case.

Appellees responded by a motion to dismiss asserting two grounds therefor: (1) lack of timeliness under A.R.S. § 12–1513, and (2) failure to state a claim for relief. The motion was granted, a judgment dismissing appellants' petition was entered and this appeal followed. Although appellants captioned their pleading "Petition in Opposition to Arbitration Award", the essence of it was a motion to vacate the award. A.R.S. §§ 12–1511 and 12–1512 delineate the procedure for judicial confirmation of an arbitration award. A.R.S. § 12–1513, on the other hand, provides for modification, correction or vacation of an award. It states in pertinent part:

"A. Upon application made within ninety days after delivery of a copy of the award to the applicant, if judgment has not been entered thereon, the court shall modify or correct the award where:

1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

2. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

3. The award is imperfect in a matter of form, not affecting the merits of the controversy.

\*   \*   \*   \*   \*   \*

C. An application to modify or correct an award may be joined in the alternative with an application to vacate the award."

In testing the propriety of an order granting a motion to dismiss, we must consider all the facts alleged in the complaint as true. Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965). The allegations of appellants' petition reflect that their application to vacate the arbitration award was filed long after expiration of the 90 day period prescribed in A.R.S. § 12–1513. Assuming arguendo they had stated a claim for relief, a matter upon which we do not pass, their petition was not timely filed. When, as here, non-jurisdictional grounds are asserted in support of the motion to vacate, failure to comply with the statutory time limitation warrants dismissal. Greene v. Mari & Sons Flooring Company, Inc., 289 N.E.2d 860 (Mass. 1972); Archuleta v. Grand Lodge of Internat'l Ass'n of M. & A. W., 262 Cal. App.2d 202, 68 Cal.Rptr. 694 (1968); Nix v. Spector Freight System, Inc., 62 N.J.Super. 213, 162 A.2d 590 (1960); 6 C.J.S. Arbitration and Award § 111c(4); see Annot. 85 A.L.R.2d 779 §§ 4, 5. We find no error in dismissing appellants' petition for

**126**

failure to comply with the time requirements of A.R.S. § 12–1513(A).

Affirmed.

KRUCKER and HOWARD, JJ., concur. NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).