88 P.3d 1159

Alexa J. MORGAN; Nancy B. Brohner, Plaintiffs–Appellants, Cross– Appellees,

v.

CARILLON INVESTMENTS, INC.; Michael Simpson and his wife Jane Doe Simpson, Defendants–Appellees, Cross– Appellants.

No. 1 CA–CV 03–0232.

Court of Appeals of Arizona, Division 1, Department C.

April 29, 2004.

Renaud, Cook, & Drury, P.A., Phoenix, by Michael Salcido, Attorneys for Plaintiffs–Appellants, Cross–Appellees.

Holloway, Odegard, Sweeney & Evans, P.C., Phoenix, by Peter C. Kelly, II, Matthew M. Nicely, Attorneys for Defendants–Appellees, Cross–Appellants.

Mora, Baugh, Waitzman & Unger, L.L.C. Chicago, Illinois, by David A. Baugh Co–Counsel for Defendants–Appellees, Cross–Appellants.

## OPINION

GEMMILL, Judge.

¶ 1 Alexa Morgan and Nancy Bochner ("Plaintiffs") appeal from the judgment dismissing their Application to Set Aside Arbitration Award. Their Application was dismissed by the trial court because it was not filed within the ninety-day deadline set forth in Arizona Revised Statutes ("A.R.S.") section 12–1513(A) (2003). Carillon Investments, Inc. and Michael Simpson ("Defendants") cross-appeal from the court's denial of their attorneys' fees request. Because we decide that the ninety-day limitation in A.R.S. § 12–1513(A) does not apply to Plaintiffs' Application, we reverse and remand to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Plaintiffs asserted tort, securities violation, fraud, contract, and elder abuse claims against Defendants arising out of Defendants' sale of a limited partnership investment to Plaintiffs' elderly mother. These claims were presented to the National Association of Securities Dealers ("NASD") for arbitration. The NASD issued an award in May 2001 in Defendants' favor, finding that all of Plaintiffs' claims against Defendants were barred by statutes of limitations.

¶ 3 In July 2002, Plaintiffs filed in superior court an Application to Set Aside Arbitration Award. This Application sought an order vacating the NASD award and remanding the matter to the NASD for arbitration.

¶ 4 Defendants moved to dismiss the Application, asserting that Plaintiffs had failed to file it within ninety days of the issuance of the arbitration award as required by § 12–1513. Plaintiffs opposed the motion to dismiss, contending that their Application was a motion to decline to confirm the NASD award under A.R.S. § 12–1512 (2003), which does not contain a filing deadline.

¶ 5 The trial court ruled in favor of Defendants, finding that Plaintiffs' Application to Set Aside Arbitration Award was in the nature of a motion to vacate the arbitration award and untimely under § 12–1513. The court denied Defendants' motion for attorneys' fees and entered judgment dismissing the case. Plaintiffs appeal from the dismissal of their case. Defendants cross-appeal from the court's denial of fees. We have

jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## ANALYSIS

■ ¶ 6 Plaintiffs contend that the trial court erred in dismissing their Application to Set Aside Arbitration Award on the basis of the ninety-day limitation of § 12–1513(A). We review *de novo* the interpretation of a statute. *State ex rel. Udall v. Superior Ct.,* 183 Ariz. 462, 464, 904 P.2d 1286, 1288 (App. 1995).

¶ 7 Our goal in interpreting statutes is to determine and apply the legislature's intent. *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). "We look first to the plain language of the statute as the most reliable indicator of its meaning." *State v. Mitchell,* 204 Ariz. 216, 218, ¶ 12, 62 P.3d 616, 618 (App.2003). We apply a common sense approach, striving to interpret a statute to harmonize all its provisions. *See State v. Rodriguez,* 205 Ariz. 392, 396, ¶ 11, 71 P.3d 919, 923 (App.2003).

¶ 8 Plaintiffs' Application was filed nearly fourteen months after the arbitration award was issued. To decide whether § 12–1513 placed a ninety-day limit on the filing of the Application, we first examine the structure and content of relevant portions of § 12–1513, including its title:

§ 12–1513. *Modification or correction of award*

A. Upon application made *within ninety days* after delivery of a copy of the award to the applicant, if judgment has not been entered thereon, the court shall *modify or correct* the award where:

1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

2. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

3. The award is imperfect in a matter of form, not affecting the merits of the controversy.

B. If the application is granted, the court shall *modify and correct* the award so as to effect its intent and shall confirm the award as so *modified and corrected.* Otherwise, the court shall confirm the award as made.

C. *An application to modify or correct an award may be joined in the alternative with an application to vacate the award.*

(Emphasis added.)

¶ 9 Subsection 12–1513(A) plainly provides that an application to modify or correct an arbitration award must be filed within ninety days after delivery of the award to the applicant. But does subsection (A) impose a ninety-day limit on an application to set aside an award and seek a new arbitration hearing? We conclude it does not.

¶ 10 The title of § 12–1513—"Modification or correction of award"—suggests that this section is limited in its application to the issue of modifying or correcting an award. *See Pleak v. Entrada Prop. Owners' Ass'n,* 205 Ariz. 471, 474, ¶ 7, 73 P.3d 602, 605 (App.2003), *aff'd,* CV 03–0310–PR (April 20, 2004) ("[A]lthough title and section headings of statutes are not law, we may look to them for guidance."). More significantly, the language of subsection (A) is expressly limited to the subject of modifying or correcting an arbitration award: "the court shall *modify or correct* the award" if certain requirements are satisfied. (Emphasis added.)

¶ 11 Nothing in the title of § 12–1513 or the language of subsection (A) addresses an application to set aside or vacate an arbitration award. This is true in terms of both the specific words used and the substantive meaning of those words. The three bases in § 12–1513(A) for modification or correction of an award are qualitatively different from the reasons why a party may be entitled to set aside or vacate an award and start over with a rehearing. *Compare* § 12–1513(A)(1) through (3), quoted above in ¶ 8 (criteria for modifying or correcting an award) *with* § 12–1512(A)(1) through (5), quoted below in ¶ 16 (grounds for declining to confirm an award).

¶ 12 Because modifying or correcting an award is not the same as vacating or setting

an award aside, subsection 12 1513(B) is similarly limited by its terms to the subject of modifying or correcting an award.

¶ 13 It is only in subsection 12–1513(C) that this statute mentions vacating an arbitration award: "An application to modify or correct an award may be joined in the alternative with an *application to vacate* the award." (Emphasis added.) A dissatisfied party may seek through a single application a modification or correction of an award and, in the alternative, to vacate or set aside the award. There is no direct statement in subsection (C) or anywhere else in § 12–1513, however, that the ninety-day deadline of subsection (A) applies to an application to set aside or vacate an arbitration award. The mere mention in subsection (C) of an application to vacate, in reference to joinder, does not support the conclusion that the ninety-day deadline applicable under subsection (A) to efforts to modify or correct an award also applies to applications to set aside or vacate an award.

■■■ ¶ 14 The Defendants cited, and the trial court relied upon, the case of *Hatch v. Double Circle Ranch*, 22 Ariz.App. 124, 524 P.2d 958 (1974), *review denied*, in which a panel of our colleagues stated:

> Although appellants captioned their pleading "Petition in Opposition to Arbitration Award", the essence of it was a motion to vacate the award. A.R.S. §§ 12–1511 and 12–1512 delineate the procedure for judicial confirmation of an arbitration award. A.R.S. § 12–1513, on the other hand, provides for modification, correction or vacation of an award.

*Id.* at 125, 524 P.2d at 959. The court applied the ninety-day limitation from § 12–1513(A) in affirming dismissal of the petition. *Id.* at 125–26, 524 P.2d at 959–60. The opinion in *Hatch* does not explain why the ninety-day period for filing applications to modify or correct an award also applies to applications to set aside or vacate an award. We respect-

fully disagree with the *Hatch* court's interpretation of § 12–1513. We also disagree with the implied conclusion that § 12–1512 addresses only an opposition to confirmation of an arbitration award.[1]

¶ 15 Section 12–1511 (2003), entitled "Confirmation of an award," specifies the procedure to be followed by a party seeking to have an arbitration award confirmed by the superior court:

> A party seeking confirmation of an award shall file and serve an application therefor in the same manner in which complaints are filed and served in civil actions. Upon the expiration of twenty days from service of the application, which shall be made upon the party against whom the award has been made, the court shall enter judgment upon the award unless opposition is made in accordance with § 12–1512.

¶ 16 Section 12–1512, entitled "Opposition to an award," specifies the procedure to be taken by a party opposing an arbitration award:

> A. *Upon filing of a pleading in opposition to an award,* and upon an adequate showing in support thereof, the court shall decline to confirm and [sic] award and enter judgment thereon where:
>
> 1. The award was procured by corruption, fraud or other undue means;
>
> 2. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> 3. The arbitrators exceeded their powers;
>
> 4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 12–1505, as to prejudice substantially the rights of a party; or

---

1. Although the supreme court denied review of the *Hatch* decision, the denial of a petition for review "has no precedential value." *See Calvert v. Farmers Ins. Co. of Ariz.*, 144 Ariz. 291, 297 n. 5, 697 P.2d 684, 690 n. 5 (1985). Moreover, the principles of *stare decisis* and the need for stabili-

ty in the law do not preclude us from determining that a prior court of appeals decision was incorrectly decided. *See State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 247, 250, 782 P.2d 723, 726 (App.1989), *aff'd as modified*, 162 Ariz. 251, 782 P.2d 727 (1989).

5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 12–1502 and the adverse party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

B. In declining to confirm an award on grounds other than stated in paragraph 5 of subsection A *the court may order a rehearing before new arbitrators* chosen as provided in the agreement, or in the absence thereof, by the court in accordance with § 12–1503, or if the court declines to confirm the award on grounds set forth in paragraphs 3 and 4 of subsection A *the court may order a rehearing before the arbitrators* who made the award or their successors appointed in accordance with § 12–1503. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

(Emphasis added.)

¶ 17 The Defendants argue, and *Hatch* impliedly holds, that § 12–1512 comes into play only after one party seeks confirmation of an arbitration award and the other party invokes § 12–1512 to oppose the confirmation. This conclusion is arguably supported by the reference to § 12–1512 within § 12–1511 regarding a party opposing an application for confirmation and the fact that an "application to vacate" is mentioned only in § 12–1513(C). We are not persuaded, however, that this interpretation of these statutes is correct.

¶ 18 Section 12–1513 does not expressly apply to applications to set aside or vacate an arbitration award, with the limited exception that subsection (C) allows joinder of two types of applications. Section 12–1512 provides that a party may file "a pleading in opposition to an award." We agree with Plaintiffs that an application to set aside an arbitration award is just that: a pleading in opposition to an award. Moreover, § 12–1512 does not contain any explicit requirement that an application to confirm an award under § 12–1511 must first be filed.

¶ 19 We also find it significant that both the title of § 12–1512 and the initial language reference "opposition to an award" instead of "opposition to confirmation." If § 12–1512 was intended to apply only after one party files an application to confirm an award, the legislature presumably would have used the phrase "opposition to confirmation" or similar language. The language of § 12–1512 is more consistent with allowing a party to initiate judicial review by filing an application seeking to set aside an arbitration award and, if appropriate, obtain a new hearing.

¶ 20 That Plaintiffs are authorized to proceed under § 12–1512 is further supported by the language in subsection 12–1512(B) authorizing the court to order a "rehearing." Parties seeking a rehearing are necessarily invoking the provisions of § 12–1512 rather than § 12–1513, because the grounds for a rehearing are provided in § 12–1512(A) while § 12–1513(A) lists the criteria for merely modifying or correcting an arbitration award. *Cf. Pawlicki v. Farmers Ins. Co.*, 127 Ariz. 170, 173, 618 P.2d 1096, 1099 (App.1980) (stating that the "the power of the court to set aside an award is confined to the grounds set forth" in § 12–1512); *Hirt v. Hervey*, 118 Ariz. 543, 545, 578 P.2d 624, 626 (App.1978) ("Arizona has substantially adopted the Uniform Arbitration Act, and the grounds for attack of an arbitration award are codified in A.R.S. § 12–1512(A)."). While Plaintiffs' Application did not expressly cite § 12–1512, the relief sought and the grounds stated therefor must be evaluated under § 12–1512 rather than § 12–1513.

¶ 21 The Uniform Arbitration Act was promulgated in 1955, and our legislature in 1962 enacted A.R.S. §§ 12–1501 to –1517, substantially adopting the Uniform Act.1962 Ariz. Sess. Laws, ch. 108, § 2. Section 12 of the Uniform Act is entitled "Vacating an Award" and sets forth a specific ninety-day limitation. Unif. Arbitration Act § 12 (1955).

¶ 22 Because our legislature adopted most of section 12 when it enacted § 12–1512, but did not include the ninety-day provision, Plaintiffs argue that the legislature did not intend that an action to set aside or vacate an award be subject to a ninety-day limitation.

Defendants respond by pointing to the change in title and content from "vacating an award" in section 12 of the Uniform Act to "opposition to an award" and "declining to confirm" in § 12–1512. Based on these changes, Defendants contend that this section only comes into play after a party has filed an application to confirm an award and a ninety-day limitation is not needed in § 12–1512 because the legislature decided that applications to vacate should be covered by § 12–1513. But if the legislature had intended that applications to vacate an award would be covered by § 12–1513 instead of § 12–1512, then we would expect that the title to § 12–1513 would have been expanded to include "vacating an award," the language of subsection § 12–1513(A) would have been similarly expanded in its scope, and the grounds for setting aside or vacating an award would have been included or at least referenced in § 12–1513.

¶ 23 Because the legislature did not enact the explicit ninety-day deadline for applications to vacate an award in section 12 of the Uniform Act and did not place such applications within the scope of § 12–1513(A), we conclude that applications in opposition to an award, whether labeled as applications to "set aside" or "vacate," must necessarily be brought under § 12–1512 and are not subject to the ninety-day limitation of § 12–1513(A).[2]

■ ¶ 24 Defendants also posit that finality in arbitration is a desirable goal and our conclusion will allow a dissatisfied party to file an application to set aside an award a considerable period of time after its issuance. We acknowledge that it may be preferable to require applications to set aside or vacate arbitration awards to be filed within a limited period of time after the award. The legislature, however, did not include such language and we will not "interpret" these statutes to add such a provision. *See Cohen v. State*, 121 Ariz. 6, 9, 588 P.2d 299, 302 (1978) ("court[s] should avoid legislating a particular result by judicial construction"); *State ex rel. Lassen v. Harpham*, 2 Ariz.App. 478,

487, 410 P.2d 100, 109 (1966) (court could not "judicially legislate" by adding provision to statute). Furthermore, the prevailing party in an arbitration proceeding who is concerned about finality may file to confirm the award and thereby trigger the twenty-day deadline of § 12–1511 to respond to an application to confirm.[3]

¶ 25 This court recently considered the question whether a ninety-day deadline applied to the filing of an application to confirm an award. In *Fisher v. National General Ins. Co.*, 192 Ariz. 366, 369, ¶ 10, 965 P.2d 100, 103 (App.1998), we explained that no such deadline existed:

> Conspicuously absent from A.R.S. section 12–1511, or any other provision of the Uniform Arbitration Act, is any deadline for filing an application to confirm the award. The act does have other deadlines: A.R.S. section 12–1509 (twenty-day deadline for application to arbitrator to modify award); A.R.S. section 12–1511 (twenty-day deadline to respond to application to confirm); A.R.S. section 12–1513 (ninety-day deadline to apply to court to modify or correct award). *Because the act has deadlines for certain actions, but sets no deadline to file an application to confirm the award, we conclude that there is no such deadline. See Security Sav. and Loan Ass'n v. Milton*, 171 Ariz. 75, 77, 828 P.2d 1216, 1218 (App.1991) (*expressio unius est exclusio alterius*). The trial court therefore erred in creating and imposing its own ninety-day deadline; and NGIC's request to confirm the award was timely.

(Emphasis added.) The reasoning and holding of *Fisher* support our analogous conclusion that there is no ninety-day deadline for filing an action under § 12–1512 to set aside or vacate an arbitration award.

■ ¶ 26 Finally, we note that resolution of disputes on the merits is favored. *Montano v. Browning*, 202 Ariz. 544, 546, ¶ 4, 48 P.3d 494, 496 (App.2002). But a dismissal based on a statute of limitation defense is not favored. *Id.* To hold that the ninety-day limitation of § 12–1513(A) applies to applica-

---

**2.** Applications in opposition to an award are *authorized* by § 12–1512 but, in accordance with § 12–1513(C), may be *joined* with applications to modify or correct an award.

**3.** We also note that the defense of laches may, in an appropriate case, prevent a party from obtaining judicial review of an arbitration award.

tions to set aside an arbitration award would run afoul of these principles and create a trap for unwary litigants. *Cf. Salzman v. Morentin,* 116 Ariz. 79, 80, 567 P.2d 1208, 1209 (App.1977) (recognizing the "liberal spirit of the federal rules and their quest to avoid 'setting traps for the unwary' and that this spirit should be employed in construing statutes of limitation").

### CONCLUSION

¶ 27 Plaintiffs' Application to Set Aside Arbitration Award was authorized under § 12–1512, and should not have been dismissed on the basis of the ninety-day limitation in § 12–1513(A). We reverse the dismissal of Plaintiffs' Application and remand to the trial court for further proceedings consistent with this opinion. In light of our resolution of the appeal, Defendants' cross-appeal regarding the court's denial of attorneys' fees is rejected.

¶ 28 Plaintiffs seek an award of attorneys' fees pursuant to A.R.S. § 12–1514 (2003). However, Plaintiffs are not entitled to recover fees under § 12–1514 because, by its own terms, it only applies "[u]pon the granting of an order confirming, modifying or correcting an award." Plaintiffs' request for an award of attorneys' fees is therefore denied.

CONCURRING: G. MURRAY SNOW, Presiding Judge, and WILLIAM F. GARBARINO, Judge.