SUPREME COURT OF ARIZONA
En Banc

ALEXA J. MORGAN; NANCY B.      )  Arizona Supreme Court
BROHNER,                       )  No.  CV-04-0222-PR
                               )
        Plaintiffs-Appellants, )  Court of Appeals
            Cross-Appellees,   )  Division One
                               )  No.  1 CA-CV 03-0232
            v.                 )
                               )  Maricopa County
CARILLON INVESTMENTS, INC.;    )  Superior Court
MICHAEL SIMPSON and his wife   )  No.  CV02-012785
JANE DOE SIMPSON,              )
                               )
        Defendants-Appellees,  )  **O P I N I O N**
            Cross-Appellants.  )
_____)


Appeal from the Superior Court in Maricopa County
The Honorable Mark R. Santana, Judge

**REVERSED AND REMANDED**
_____


Opinion of the Court of Appeals, Division One
207 Ariz. 547, 88 P.3d 1159 (App. 2004)

**AFFIRMED**
_____


RENAUD COOK DRURY MESAROS, PA                          Phoenix
    by   Michael Salcido
Attorneys for Plaintiffs-Appellants, Cross-Apellees

HOLLOWAY ODEGARD FORREST KELLY & KASPAREK, P.C.         Phoenix
    by   Peter C. Kelly, II
    and  Matthew M. Nicely
Attorneys for Defendants-Appellees, Cross-Appellants
_____


**P E R   C U R I A M**

¶1      This court granted review to determine whether the

court of appeals erred in not affirming the trial court's

dismissal of Alexa J. Morgan's application to set aside an arbitration award, which she filed fourteen months after the entry of the arbitration award, as untimely. We conclude that there was no error.

**¶2**     The relevant facts of this case are set forth in the court of appeals opinion, and we adopt them here by reference. *See Morgan v. Carillon Invs., Inc.*, 207 Ariz. 547, 548, ¶¶ 1-5, 88 P.3d 1159, 1160 (App. 2004).

**¶3**     In its petition for review, Carillon Investments, Inc., claims that Arizona Revised Statutes ("A.R.S.") § 12-1513 (2003) establishes the appropriate deadline for filing a motion to set aside an arbitration award. It further argues that *Hatch v. Double Circle Ranch*, 22 Ariz. App. 124, 524 P.2d 958 (1974), which imposed A.R.S. § 12-1513's ninety-day limitation on a motion to vacate an arbitration award filed pursuant to A.R.S. § 12-1512, is dispositive in this case. The court of appeals, however, disagreed with the *Hatch* opinion and concluded that neither A.R.S. § 12-1513 nor A.R.S. § 12-1512 (2003) provided a statute of limitations for filing a motion to set aside an arbitration award. *Morgan*, 207 Ariz. at 552, ¶ 23, 88 P.3d at 1164. Thus a conflict now exists between extant opinions of the court of appeals. We therefore issue this opinion to clarify this important area of the law.

¶4    We conclude that the court of appeals opinion in this case is the better reasoned opinion and adopt its reasoning as our own.  A party seeking to set aside an arbitration award may file its motion pursuant to A.R.S. § 12-1512, which does not impose a statute of limitations.  A prevailing party has the ability to preclude the spectre of an unlimited limitations period for filing a motion to vacate an arbitration award by filing a motion to confirm the award pursuant to A.R.S. § 12-1511 (2003), thereby triggering the twenty-day limitation in which to file an opposition.  In light of this ruling, Morgan's motion was timely.  We therefore affirm the opinion of the court of appeals and remand this case so that the trial court may properly consider Morgan's motion.

_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice

_____
Rebecca White Berch, Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice