260 P.3d 1093

**ADVANCED PROPERTY TAX LIENS, INC., an Arizona corporation, Plaintiff/Counterdefendant/Appellee,**

v.

**Allan SHERMAN and Heidi Sherman, his wife, Defendants/Counterclaimants/Appellants.**

**No. 1 CA–CV 10–0371.**

Court of Appeals of Arizona, Division 1, Department D.

July 26, 2011.

---

Kessler Law Offices by Eric W. Kessler, Mesa, Attorneys for Plaintiff/Counterdefendant/Appellee.

Mack Drucker & Watson, P.L.C. by Chad R. Kaffer, Phoenix, Attorneys for Defendants/Counterclaimants/Appellants.

## OPINION

GEMMILL, Judge.

¶ 1 Allen and Heidi Sherman (collectively "Shermans") appeal the denial of their motion to set aside Advanced Property Tax Liens, Inc.'s ("APT's") default judgment for the foreclosure of real property owned by the Shermans. Because we conclude that APT did not comply with the statutory notice requirement, we reverse the denial of the Shermans' motion.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 On May 5, 2000, the Shermans acquired three parcels of commercial property located in Maricopa County. The parcels had the following Accessor Parcel Numbers ("APN"): 010H ("H parcel"), 010J ("J parcel"), and 010K ("K parcel").[1] In 2004, the Shermans combined the three parcels into one parcel, APN 010M ("M parcel"). The Shermans, however, failed to pay property taxes for the H parcel for 2003, resulting in a tax lien on the H parcel. In 2005, APT paid the delinquent taxes on the H parcel to the county treasurer in exchange for the tax lien on the parcel.

¶ 3 In 2008, APT sent the Shermans a notice of intent to foreclose. The notice was sent to 128 E. Pioneer Street in Phoenix (the "Pioneer address"), the address the Shermans listed in their affidavit of property value regarding the H parcel, which was recorded in 2000. The Pioneer address was not the situs address of the H parcel, however, and the Shermans had sold the Pioneer address property in 2003. APT filed this foreclosure action in September 2008.

¶ 4 APT attempted to serve process in the foreclosure action on the Shermans at the Pioneer address. The process server was informed by someone from the business then occupying the Pioneer address that the Shermans had sold that property five years earlier. The person suggested the process server attempt service at a near-by business called Performance Coating. A salesman from Performance Coating provided the process server with the Shermans' current address in Chandler.

¶ 5 On September 23, 2008, APT allegedly served the Shermans' adult son at the Chandler address. The Shermans did not respond to the complaint and, in December

1. For privacy reasons, we provide only the last portion of each parcel's APN.

2008, APT submitted an application for a default judgment on its foreclosure claim. On January 26, 2009, the court found the Shermans were properly served and entered a default judgment, foreclosing the Shermans' right to redeem the H parcel and quieting title in favor of APT.

¶ 6 In November 2009, the Shermans filed a motion to set aside the default judgment pursuant to Arizona Rule of Civil Procedure 60(c), alleging the default judgment was void due to insufficiency of service of process. APT responded and the Shermans filed a reply, adding the assertion that APT's notice of intent to foreclose was deficient because it was sent to the Pioneer address, a property they had sold five years earlier. The court received oral argument on the motion and ultimately denied it. The Shermans filed a motion for reconsideration, which the court denied. In March 2010, the court entered a signed order denying the motion to set aside the default judgment.

¶ 7 The Shermans timely appeal the denial of their motion to set aside the default judgment, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(C) (2003). *See M & M Auto Storage Pool v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141, 791 P.2d 665, 667 (App.1990) ("An order denying or granting a motion to set aside a judgment under Rule 60(c), Arizona Rules of Civil Procedure, is appealable as a 'special order made after final judgment.' ").

## ANALYSIS

■ ¶ 8 The Shermans raise several issues involving the denial of their motion to set aside the default judgment and the entry of the default judgment. We will address only the Shermans' contention that APT did not comply with the statutory procedure for

2. Subsection 42–18202(C) provides:
    If the purchaser fails to send the notice required by this section, the purchaser is considered to have substantially failed to comply with this section. A court shall not enter any action to foreclose the right to redeem under this article until the purchaser *sends the notice* required by this section.

3. As noted above, the Shermans first raised the notice issue in their reply in support of the Rule 60(c) motion. At oral argument on that motion,

sending the notice of intent to foreclose. Our resolution of that issue disposes of the appeal.

■ ¶ 9 The Shermans assert that because APT failed to properly notify them of its intent to foreclose, the trial court lacked jurisdiction to enter the default judgment, based on A.R.S. § 42–18202(C) (2006).[2] Accordingly, we understand the Shermans to be contending that the trial court should have granted their motion to set aside the default judgment under Rule 60(c)(4) because the judgment is void for lack of subject matter jurisdiction or lack of authority to enter the judgment in the absence of the statutory notice. *See State ex rel. Lassen v. Self-Realization Fellowship Church*, 21 Ariz.App. 233, 234, 517 P.2d 1280, 1281 (1974) (noting "the general rule is that a judgment is not void on its face and hence subject to attack unless one of three elements are lacking, these being (1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction to enter the particular judgment or order entered"). This court reviews *de novo* the denial of a Rule 60(c)(4) motion to vacate a void judgment. *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645, 649 (App. 2010). When a judgment is void due to lack of jurisdiction, "the court has no discretion, but must vacate the judgment." *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 323 n. 5, 599 P.2d 772, 776 n. 5 (1979).

■ ¶ 10 In denying the Shermans' motion to set aside the default judgment, the trial court did not mention the propriety of the foreclosure notice. The issue, although not artfully raised, was before the court.[3] This court draws its own legal conclusions from undisputed facts. *SAL Leasing, Inc. v. State ex rel. Napolitano*, 198 Ariz. 434, 438, ¶ 13,

APT addressed the Shermans' allegation that the notice of intent to foreclose was deficient and argued that the issue was not properly before the court. Alternatively, APT argued the notice was properly sent to the Pioneer address because that was the address the Shermans provided to the county recorder. In support of its assertion, APT submitted as an exhibit a copy of the affidavit of property value recorded in 2000. The Shermans also addressed the issue in their motion for reconsideration.

10 P.3d 1221, 1225 (App.2000). It is undisputed that APT sent its notice of intent to foreclose to the Pioneer address. The issue is whether APT complied with A.R.S. § 42–18202(A) by sending the notice in 2008 to the Pioneer address, a property the Shermans sold in 2003.

¶ 11 Section 42–18202 provides notice requirements for foreclosure actions. Subsection (A) of that section provides the following:

A. At least thirty days before filing an action to foreclose the right to redeem under this article, but not more than one hundred eighty days before such an action is commenced or may be commenced under § 42–18101 *the purchaser shall send notice of intent to file the foreclosure action by certified mail to:*

1. *The property owner of record according to the records of the county recorder in the county in which the property is located* or to all of the following:

(a) The property owner according to the records of the county assessor in the county in which the property is located as determined by § 42–13051.

(b) The situs address of the property, if shown on the tax roll and if different from the owner's address under subdivision (a).

(c) The tax bill mailing address according to the records of the county treasurer in the county in which the property is located, if that address is different from the addresses under subdivisions (a) and (b).

2. The treasurer of the county in which the real property is located.

A.R.S. § 42–18202(A) (emphasis added). If the lien holder fails to send the notice required by § 42–18202, the court cannot "enter an action to foreclose the right to redeem under this article." A.R.S. § 42–18202(C).

¶ 12 Section 42–18202(A) provides two ways a lien holder may notify a property owner of its intent to foreclose. First, the lien holder can send the notice, by certified mail, to the "property owner of record according to the records of the county recorder." A.R.S. § 42–18202(A)(1). Alternatively, the purchaser can send notice, by certified mail, to the owner of record according to the records of the county assessor and, depending on the circumstances, to the situs address of the property being purchased and to the tax bill address according to the county treasurer. Under both alternatives, the purchaser must also send the notice to the county treasurer. A.R.S. § 42–18202(A)(1)(a)–(c).

¶ 13 APT attempted to notify the Shermans of its intent to foreclose by using the first method described in subsection (A)(1), sending notice to "[t]he property owner of record according to the records of the county recorder." The Shermans contend that APT did not comply with subsection (A)(1) because it sent the notice to a property they no longer owned. APT, on the other hand, asserts that the first method of notification described in subsection (A)(1) does not "prescribe a specific locale for mailing the notice" and that mailing the notice to the address listed on an affidavit of value is "reasonable and represents the most likely method by which property owners may receive such notice."

¶ 14 When interpreting a statute, our goal is to determine and give effect to the legislature's intent. *Morgan v. Carillon Invs., Inc.,* 207 Ariz. 547, 549, ¶ 7, 88 P.3d 1159, 1161 (App.2004), *aff'd,* 210 Ariz. 187, 109 P.3d 82 (2005). We first look to the plain language of the statute as the most reliable indicator of its meaning. *New Sun Bus. Park, LLC v. Yuma County,* 221 Ariz. 43, 46, ¶ 12, 209 P.3d 179, 182 (App.2009). We consider the language and sentence structure, *id.* at ¶ 13, and we use a "common sense approach, striving to interpret a statute to harmonize all its provisions." *Morgan,* 207 Ariz. at 549, ¶ 7, 88 P.3d at 1161. Our analysis and interpretation must be closely tethered to the text of the statute.

¶ 15 The applicable portion of § 42–18202(A)(1) requires the lien holder to mail the notice of intent to foreclose to "[t]he property owner of record." The phrase "property owner of record" is immediately modified by the words "according to the records of the county recorder in the county in which the property is located." Based on the sentence structure, this modifying language pinpoints the *identity* of the owner but does not speak to the *address* of the owner. APT

correctly identified the Shermans as the owners of the parcel at issue, but the question presented in this appeal is whether APT sent the notice to the "property owner of record" as required by A.R.S. § 42–18202(A).

¶ 16 Various provisions of § 42–18202(A) assist us in interpreting and applying it. By requiring certified mail, the legislature surely intended that the notice have a good chance of reaching the intended recipient. Additionally, the statute requires that the notice be mailed to the "property owner of record." A.R.S. § 42–18202(A). Although we agree with APT that this portion of the statute does not require that the notice be sent to a specifically described address, APT was required to mail the notice *to the Shermans*. By mailing the notice to the Pioneer address, a property the Shermans had sold five years earlier, APT did not mail the notice to "[t]he property owner of record"—meaning to the Shermans—but instead to a business located at the Pioneer address with which the Shermans had no direct connection.

¶ 17 Moreover, APT became aware that its notice of intent to foreclose was not sent to the Shermans' current address and that the notice did not reach the Shermans. After the notice was mailed to the Pioneer address, APT attempted to serve the summons and complaint on the Shermans at the Pioneer address but the process server was informed the Shermans sold the property in 2003. APT obtained the Shermans' residential address and attempted service at that address. Further, at oral argument on the Rule 60(c) motion, APT's counsel told the trial court that the notice was returned to his office unopened and that the post office notation indicated the notice was "unclaimed."

¶ 18 On this record, we conclude that APT did not send the notice of intent to foreclose to the Shermans and therefore did not comply with A.R.S. § 42–18202(A). APT sent the notice to an eight-year-old address without, apparently, determining whether by doing so it was sending the notice to the "property owner of record," that is, to the Shermans. Having learned that the Pioneer

address was no longer current for the Shermans and that the envelope containing the notice of intent to foreclose had been returned "unclaimed" and unopened, APT could no longer conclude that it had complied with the statutory requirement under A.R.S. § 42–18202(A) of mailing the notice to the Shermans. Section 42–18202(A) requires more than mailing the notice of intent to foreclose to an eight-year-old address that is no longer current, especially after learning the address was no longer current.

¶ 19 Our conclusion is further supported by the statutory provisions setting forth the alternative method of notification that requires the lien holder to send notification to one, two, or three specified addresses ascertainable from the records of the county assessor and county treasurer. A.R.S. § 42–18202(A)(1)(a)–(c). The legislature, by providing this alternative notice procedure, intended to provide lien holders with a notice procedure that could be reasonably satisfied and objectively proven, while at the same time achieving a high probability that the notice of the lien holder's intent to foreclose will reach the property owner.

¶ 20 If a lien holder tasked with sending notice of intent to foreclose under A.R.S. § 42–18202(A) has identified the "property owner of record" according to the county recorder's records and has a current address for that owner, the first alternative notice procedure in § 42–18202(A) may be preferable. But if the lien holder is not confident that the available address for the owner of record is current, the lien holder may prefer to follow the more extensive notice procedure set forth in subparagraphs 42–18202(A)(1)(a)–(c).

¶ 21 Because APT failed to mail its notice of intent to foreclose to the Shermans, as required by A.R.S. § 42–18202(A), the trial court was not authorized to proceed with APT's action to foreclose. A.R.S. § 42–18202(C). As a result, the judgment is void and the court erred in denying the Shermans' Rule 60(c) motion.[4]

---

4. In concluding that APT did not comply with the statutory requirement of sending the notice of intent to foreclose to the Shermans, we are not

holding that A.R.S. § 42–18202(A) requires the intended recipients to have received *actual no-*

## CONCLUSION

¶ 22 The denial of the Shermans' Rule 60(c) motion to set aside the default judgment in favor of APT is reversed. We remand to allow the trial court to set aside the default judgment and for additional proceedings consistent with this opinion.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and PATRICIA A. OROZCO, Judge.

*tice.* Compliance with § 42–18202(A) does not guarantee actual notice.