IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FRAZER RYAN GOLDBERG & ARNOLD, LLP *Plaintiff/Appellee*,

*v.*

LINDA MAYNE, et al., *Defendants/Appellants*.

No. 1 CA-CV 24-0706
FILED 11-19-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-013282
The Honorable Timothy J. Ryan, Judge *(Retired)*

**AFFIRMED**

APPEARANCES

Frazer Ryan Goldberg & Arnold, LLP, Phoenix
By John R. Fitzpatrick and T. J. Ryan
*Counsel for Plaintiff/Appellee*

Linda and Stephen Mayne, Kentfield, CA
*Defendants/Appellants*

**OPINION**

Presiding Judge David B. Gass delivered the opinion of the court, in which
Judge Michael J. Brown and Judge Andrew J. Becke joined.

**G A S S**, Judge:

**¶1**        Linda Mayne and Stephen Mayne[1] appeal the denial of their Rule 60, Arizona Rules of Civil Procedure, motion for relief from a final judgment confirming an arbitration award for Frazer, Ryan, Goldberg & Arnold, LLP. Under A.R.S. § 12-3023.B, the Maynes had 90 days after the arbitrator issued the award to ask the superior court to vacate it. They did not meet that 90-day deadline. The court thus affirms.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Frazer represented Linda in an action involving her mother's trust. Linda did not pay Frazer for the services it rendered and expenses it incurred. To resolve the fee dispute, Frazer invoked the arbitration clause in a fee agreement Linda signed.

**¶3**        Shortly before arbitration hearing began, the Maynes' lawyer moved to withdraw and sought more time for the Maynes to find a new lawyer. Over Frazer's objection, the arbitrator continued the hearing for around three weeks. The Maynes asked for more time. The arbitrator denied that request but said she would consider an extension if the Maynes hired a new lawyer and that lawyer agreed more time was needed before proceeding.

**¶4**        The Maynes did not hire a new lawyer, and they did not attend the arbitration hearing. Instead, Linda claims to have emailed the arbitrator and Frazer. The Maynes assert Linda's email said, "I hereby revoke my alleged consent to arbitrate my fee dispute as invalid and unenforceable and decline to continue in or be bound by arbitration."

**¶5**        The Maynes acknowledge Frazer promptly responded, questioning the timeliness of Linda's argument about the enforceability of the arbitration agreement. Frazer argued the Maynes did not "plead the validity of the agreement to arbitrate as a defense[,]" the deadline "to amend pleadings has now passed[,]" the Maynes "meaningfully engaged" in the [arbitration] process, and they "availed themselves of" that process. The arbitration hearing proceeded in the Maynes' absence and without the Maynes further participation.

**¶6**        A few weeks after the arbitration hearing, the arbitrator issued the award, granting Frazer all the relief it sought. The arbitrator emailed the award to the Maynes and Frazer on July 5, 2022. The Maynes

---

[1] For readability, the court respectfully refers to the Maynes individually using their first names.

admit receiving it, but did not move to vacate the award within 90 days under A.R.S. § 12-1513.A.

¶7        On February 6, 2023, more than 90 days after the arbitrator sent the award to the parties, Frazer filed this action, asking the superior court to confirm the award and enter judgment against the Maynes. The Maynes accepted service and moved to extend the deadline to vacate the award. In that motion, the Maynes discussed the arbitrator's denial of their motion to continue the arbitration hearing and again questioned whether they were subject to an enforceable arbitration agreement. After briefing and oral argument, the superior court denied that motion, writing:

> The Maynes were twice provided notice of the decision. More than 90 days passed before they filed anything with this Court asking for yet more time to file a motion to vacate. The Court cannot [] do so. Arizona's statute permitting judicial review has a strict 90-day deadline for the kinds of challenges the Maynes now wish to bring. Arizona adopted the Revised Uniform Arbitration Act. Under that Act, arbitration is supposed to provide a convenient, speedy alternative to judicial resolution of disputes. The applicable statutes have narrow grounds for judicial vacation of awards, and short deadlines to act. The Maynes ignored those deadlines at their own risk.

¶8        The parties then engaged in briefing over the wording of the proposed judgment. The Maynes asked the superior court to include Rule 54(c) language "in case [the Maynes] need to appeal." In addressing the potential appeal, the Maynes argued there was no binding arbitration agreement. The superior court entered final judgment against the Maynes based on the July 5, 2022 arbitration award, including the Rule 54(c) language the Maynes requested. The Maynes failed to appeal that final judgment.

¶9        On April 12, 2024, more than three months after the superior court entered the final judgment and long after their time to appeal passed, the Maynes moved for relief from that judgment under Rule 60(b). They argued "mistake, inadvertence, surprise, or excusable neglect" under subpart (b)(1) and "any other reason justifying relief" under subpart (b)(6)'s catchall provision. After briefing, the superior court denied the Maynes' motion, concluding a "Rule 60 motion is not a replacement for a missed appellate deadline."

¶10 The court has jurisdiction over the Maynes' timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

## DISCUSSION

¶11 The sole issue on appeal is whether the superior court erred when it denied the Maynes' Rule 60 motion. The court generally reviews the denial of a Rule 60 motion for relief from a judgment for abuse of discretion. *See MacLean v. Newgioco Grp., Inc.*, 251 Ariz. 31, 33 ¶ 8 (App. 2021). But the court reviews *de novo* the superior court's denial of a Rule 60 motion based on voidness. *See Sycamore Hills Estates Homeowners Ass'n, Inc. v. Zablotny*, 250 Ariz. 479, 482 ¶ 6 (App. 2021). In conducting its review, the court views "the facts in the light most favorable to upholding the [superior] court's ruling on [the] motion[.]" *MacLean*, 251 Ariz. at 33 ¶ 8.

¶12 The dispositive issue here is whether the Maynes' challenge is time barred under A.R.S. § 12-3023. Applying a *de novo* review, the Maynes cannot establish the superior court erred.

## I. Arizona has two unique arbitration acts.

¶13 In assessing the parties' arguments, the court notes Arizona has adopted two independent arbitration acts.

¶14 In 1962, Arizona adopted its original arbitration act, Arizona's Uniform Arbitration Act, which is found at A.R.S. §§ 12-1501 to -1518. That original act now applies to arbitration agreements entered before January 1, 2011 unless expressly excluded. *See, e.g.*, A.R.S. 12-1517 (excluding agreements between employers and employees from the original arbitration act).

¶15 In 2011, Arizona's legislature enacted Arizona's Revised Uniform Arbitration Act. A.R.S. §§ 12-3001 to -3029. The revised act does not apply to agreements entered before January 1, 2011 under A.R.S. § 12-3003.A.3 and other expressly excluded agreements under A.R.S. § 12-3003.B. And even if the parties entered into an arbitration agreement after that date, it does not apply to arbitration agreements "[b]etween an employer and employee or their respective representatives; [c]ontained in a contract of insurance[, and b]etween a national banking association or a federal savings association or its affiliate, subsidiary or holding company and any customer." A.R.S. § 12-3003.B.1 to .3.

¶16    Because the statutory language and procedures of the two arbitration acts differ, litigants must cautiously approach any precedent to ensure it interprets the relevant arbitration act. Arizona's Revised Uniform Arbitration Act applies.

**II.    Under Arizona's Revised Uniform Arbitration Act, the Maynes did not timely seek to vacate the award.**

¶17    Arizona public policy favors arbitration because it can efficiently resolve disputes, but the core principle underlying Arizona's arbitration statutes is "the law favors arbitration of disputes that the parties have agreed to arbitrate." *Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc.*, 231 Ariz. 287, 291 ¶ 10 (App. 2012) (quoting *S. Cali. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 51 ¶ 11 (1999)). For that reason, both the original and the revised arbitration act limit judicial review of an arbitration award. *Compare Gregory G. McGill, P.C. v. Ball*, 254 Ariz. 144, 147 ¶ 9 (App. 2022) (discussing limits on judicial review under the revised act), *with City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 189 (App. 1994) (discussing limits on judicial review under the original act). And under both, "the superior court may consider a challenge to confirmation of an arbitration award only on statutorily enumerated grounds." *Ball*, 254 Ariz. at 147–148 ¶ 9 (cleaned up) (quoting *Smith v. Pinnamaneni*, 227 Ariz. 170, 174 ¶ 13 (App. 2011)).

¶18    Though the express legislative intent underlying the two acts is to provide a mechanism to resolve disputes quickly, that intent is not the "object [of statutory interpretation] itself" but is simply "a means to discern statutory meaning." *State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, 438 ¶ 27 (2023) (Bolick, J., concurring). The statute's plain language guides the court's interpretation. *See Ariz. Advoc. Network Found. v. State*, 250 Ariz. 109, 114 ¶ 19 (App. 2020).

¶19    The court gives statutory "terms their ordinary and commonly accepted meaning, unless the legislature has provided a specific definition." *See JH2K I LLC v. Ariz. Dep't of Health Servs.*, 246 Ariz. 307, 310 ¶ 9 (App. 2019). The court determines "the plain meaning of the words the legislature chose" by viewing those words "in their broader statutory context." *In re Drummond*, 257 Ariz. 15, 18 ¶ 5 (2024) (citation omitted). If the statute's plain language is unambiguous, the court "must give effect to that language without employing other rules of statutory construction." *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323 ¶ 11 (App. 2017).

¶20        When the court construes unambiguous statutory terms, it looks "to the statute as a whole and . . . may also consider statutes that are *in pari materia*—of the same subject or general purpose—for guidance and to give effect to all of the provisions involved." *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017). In doing so, the court gives "meaning, if possible, to every word and provision so that no word or provision is rendered superfluous." *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019).

¶21        This case shows how important it is to ensure the cited precedent interprets the applicable arbitration act. Arizona's two arbitration acts use different statutory language to address when a party may seek to vacate an award. Because of that difference, the Maynes cannot prevail here, even if they might have been on more solid ground under the original act. *Compare Morgan v. Carillon Inv., Inc.*, 210 Ariz. 187, 187–88 ¶ 4 (2005) (ruling under the original act, a motion to vacate is timely even if it is not filed within the 90-day limitation period in A.R.S. § 12-1513 if it is filed in response to a motion to confirm the award under A.R.S. § 12-1511), *with Kohner v. Pyper*, No. 1 CA-CV 11-0471, 2015 WL 2412006, at *1–2 ¶¶ 5–8 (App. Apr. 30, 2015) (Mem. Dec.) (ruling under the revised act, a motion to vacate is timely only if filed within the 90-day limitation period in A.R.S. § 12-3023.B).

¶22        The language of the two acts explains the different outcomes under identical facts. Under A.R.S. § 12-1513.A (the original act), a party must apply to modify or correct an award within 90 days "after delivery of a copy of the award." Subsection A does not address a motion to vacate the award. *See Morgan*, 210 Ariz. at 188 ¶ 4 (2005). Instead, subsection C says, "An application to modify or correct an award may be joined in the alternative with an application to vacate the award." A.R.S. § 12-1513.C. The original act does not otherwise mention the court's authority to vacate an award and places no time limit on when a party must move to vacate. In contrast, A.R.S. § 12-3023.A (the revised act) addresses motions to vacate and says, "On motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration" under the enumerated conditions. And subsection B unambiguously requires a party to move to vacate within 90 days after the party either (1) receives notice of the award under section 3019, (2) receives notice of a modified or corrected award under section 3020, or (3) if the party alleges the award stems from corruption, fraud, or other undue means, within 90 days after the party knows or "by the exercise of reasonable care would have . . . known" of the ground. A.R.S. § 12-1513.B.

¶23 The grounds on which the Maynes rely to challenge the award fall within the 90-day deadline from receiving notice of the award under section 3019. Subsection 12-3019.A requires the arbitrator to "make a record of any award. The record must be signed or otherwise authenticated by any arbitrator who concurs in the award. The arbitrator or the arbitration organization shall give notice of the award, including a copy of the award, to each party to the arbitration proceeding." A.R.S. § 12-3019.A. The Maynes do not dispute that the arbitrator complied with the notice requirements when signing the notice on July 5, 2022, and mailing it on July 6, 2022. And A.R.S. § 12-3023.B's extended deadlines do not apply because the superior court did not modify or correct the award, and the Maynes do not allege the award stemmed from "corruption, fraud, or undue means."

¶24 The superior court thus did not err when it concluded "Arizona's statute permitting judicial review has a strict 90-day deadline for the kinds of challenges the Maynes now wish to bring."

**III. The Maynes did not meet Arizona's Revised Uniform Arbitration Act's statutory 90-day deadline.**

¶25 The Maynes ignored every opportunity to challenge the award under the revised act.

¶26 Once Frazer sought to arbitrate the dispute, the Maynes could have asked the superior court to find there was no enforceable arbitration agreement. *See* A.R.S. § 12-3007.B. The Maynes also had 90 days after the arbitrator issued the award to ask the superior court to vacate it. Under A.R.S. § 12-3023.A.3, they could have asked the superior court to vacate the award based on the argument the "arbitrator refused to postpone the hearing on showing of sufficient cause of postponement . . . ." They also could have sought relief under paragraph A.5, which allows the superior court to vacate an arbitration award if a party timely shows "[t]here was no agreement to arbitrate . . . ." But the Maynes took no action within that 90-day window.

¶27 Because the Maynes did not timely move to vacate the award, the superior court had no jurisdiction to grant them relief under A.R.S. § 3023. *Kohner*, 1 CA–CV 11–0471 , at *1–2 ¶¶ 5–8; Thomas H. Oehmke, *Appealing Adverse Arbitration Awards*, 94 Am. Juris. Tr. 211 § 28 (April 2025) ("Failure to file a timely motion to vacate an award is jurisdictional; that is, a tardy filing deprives the court of the jurisdiction to act and will be dismissed."); *see also Martinez v. Ring-Cent., Inc.*, 392 So. 3d 569, 572 (Fla. Dist. Ct. App. 2024) (concluding the trial court could not vacate an award

7

based on a motion filed more than 90 days after receiving notice of the award).

**¶28**　　　　Contrary to the Maynes' arguments, the judgment is not void or even voidable at this point. *See Hughes v. Indus. Comm'n*, 69 Ariz. 193, 197 (1949) (establishing the test for void judgments). Under the *Hughes* three-element test, "[a] judgment or order is void if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered." *State v. Cramer*, 192 Ariz. 150, 153 ¶ 16 (App. 1998) (citing *Martin v. Martin*, 182 Ariz. 11, 15 (App. 1994). A judgment is void if one or more of the three elements are missing. *Id.* In contrast, "[a] voidable judgment is one in which the court has jurisdiction over the subject matter and parties but which is otherwise erroneous and subject to reversal." *Id.* (citing *Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980)).

**¶29**　　　　The Maynes' do not contest the first two elements of the *Hughes* test: (1) subject matter jurisdiction and (2) personal jurisdiction. The third element "is the least examined" element "in our jurisprudence" and has "fallen out of favor by omitting reference to it while suggesting that void judgments result only from lack of subject matter or personal jurisdiction." *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 262–63 ¶ 30 (2022). Finally, if a court does not "abide by the mandates of the applicable statute, it has exceeded its jurisdiction . . . ." *State v. Vargas-Burgos*, 162 Ariz. 325, 326 (App. 1989). Because the superior court abided by the arbitration statutes, it did not err when it entered the judgment. The judgment thus is not void or even voidable.

**¶30**　　　　The Maynes thus have no right to any relief under Rule 60. The Maynes simply did not timely pursue available avenues for relief.

## ATTORNEY FEES AND COSTS

**¶31**　　　　Because this matter arises out of a contract, both parties seek an award of attorney fees under A.R.S. § 12-341.01. Because the Maynes are not the prevailing party, the court denies their request. After consideration, the court awards Frazer its reasonable attorney fees and costs under A.R.S. §§ 12-341.01 and 12-342 upon its compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

¶32  The court affirms.

