922 P.2d 924

ARIZONA BOARD OF MEDICAL
EXAMINERS, Petitioner,

v.

The SUPERIOR COURT of Arizona In
and For MARICOPA COUNTY, the
Honorable Lawrence O. Anderson, a
judge thereof, Respondents,

Eveline Maria MOOS and Richard W.
Moos, husband and wife, Real
Parties in Interest.

No. 1 CA-SA 96-0158.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 20, 1996.

Grant Woods, Attorney General by James
M. McGee and Nancy J. Beck, Assistant
Attorneys General, Phoenix, for Petitioner.

Mitten, Goodwin & Raup by Calvin L.
Raup and Sharon E. Ravenscroft, Phoenix,
for Respondent Richard W. Moos.

Harry W. Keidan, P.C. by Harry W. Kei-
dan, Phoenix, for Respondent Eveline Maria
Moos.

Mark & Pearlstein, P.A. by Leonard J.
Mark, Phoenix, for Respondent Richard W.
Moos.

OPINION

EHRLICH, Presiding Judge.

The issue presented by this special action
is whether information gathered in the
course of an investigation of a physician by
the Arizona State Board of Medical Examin-
ers ("BOMEX" or "board") is absolutely
privileged under Arizona Revised Statutes
Annotated ("A.R.S.") section 32–1451.01(C)
and therefore immune to discovery by civil
litigants. For the reasons stated below, we
accept jurisdiction, conclude that such infor-

mation is privileged and grant the relief sought by BOMEX.

## FACTS AND PROCEDURAL HISTORY

This case stems from an action for dissolution of marriage between Richard W. Moos, M.D., and Eveline Maria Moos. Dr. Moos seeks shared custody of their minor children.

Independent of the dissolution proceedings, on May 2, 1994, Dr. Moos agreed to undergo an interview and testing by Phillip D. Lett, Ph.D., a psychologist, as a part of a BOMEX investigation of Dr. Moos. Dr. Lett subsequently evaluated Dr. Moos on behalf of BOMEX.

During the dissolution proceedings, the trial court ordered Ronn Lavit, Ph.D., to conduct a custody/visitation evaluation of Dr. Moos. Dr. Lavit indicated that it would be helpful for him to be able to review the results of Dr. Lett's evaluation in determining the fitness of Dr. Moos to be a custodial parent. Approximately eighteen months after the BOMEX evaluation, Mrs. Moos served a subpoena duces tecum on Dr. Lett, requesting all records relating to his assessment of Dr. Moos. Dr. Moos filed a motion to quash the subpoena and for a protective order, arguing that, because Dr. Lett was retained by BOMEX in the course of the board's investigation, the documents sought by Mrs. Moos were absolutely privileged under A.R.S. section 32–1451.01(C) and *Lipschultz v. Superior Court*, 128 Ariz. 16, 623 P.2d 805 (1981).

The trial court ordered BOMEX to provide an affidavit or other evidence indicating the nature of Dr. Lett's relationship with Dr. Moos to determine if the psychologist-client privilege, A.R.S. section 32–2085, attached to their affiliation. The Office of the Arizona Attorney General then appeared on behalf of BOMEX to object to Mrs. Moos's subpoena on the basis that the statutory privilege regarding the BOMEX records, A.R.S. section 32–1451.01(C), is absolute and that Dr. Moos is unable to waive a privilege that he does not possess.

The trial court concluded that Dr. Moos had waived any psychologist-client privilege by alleging that he is fit to have custody of his children. The court also determined that A.R.S. section 32–1451.01(C) did not apply. It ordered Dr. Lett to comply with the subpoena, whereupon BOMEX filed this petition for special action, challenging the court's denial of Dr. Moos's motion to quash the subpoena. Dr. Moos answered the petition by concurring with the BOMEX analysis. Mrs. Moos opposed the petition.

## DISCUSSION

### A. Special Action Jurisdiction

■ We accept jurisdiction pursuant to Arizona Rule of Procedure for Special Actions 1 because this matter of first impression is of statewide importance and BOMEX has no equally plain, speedy and adequate remedy by appeal. *E.g., State ex rel. Romley v. Superior Court,* 181 Ariz. 378, 380, 891 P.2d 246, 248 (App.1995). Special action jurisdiction may properly be exercised in cases involving the assertion of a privilege against discovery orders. *E.g., Blazek v. Superior Court,* 177 Ariz. 535, 536, 869 P.2d 509, 510 (App.1994); *State ex rel. Romley v. Superior Court,* 172 Ariz. 232, 235, 836 P.2d 445, 448 (App.1992); *Church of Jesus Christ of Latter–Day Saints v. Superior Court,* 159 Ariz. 24, 25–26, 764 P.2d 759, 760–61 (App.1988). If the BOMEX records created by Dr. Lett are released, the protection of the privilege evaporates and subsequent appellate action would be meaningless.

### B. Privilege under A.R.S. Section 32–1451.01(C)

Arizona Rule of Civil Procedure 26(b)(1) permits discovery regarding any matter which is relevant to the action unless a privilege applies. BOMEX contends that the privilege conferred by A.R.S. section 32–1451.01(C) protects the subpoenaed records. We agree.

■ A court should "look to the words, context, subject matter, effects and consequences, reason, and spirit of the law" to garner legislative intent. *Arnold Constr. Co. v. Arizona Bd. of Regents,* 109 Ariz. 495, 498, 512 P.2d 1229, 1232 (1973). The practice of medicine is highly-regulated in this state, A.R.S. § 32–1401 *et seq.,* under the administration of BOMEX. A.R.S. § 32–1402(A).

In acting "to protect the public from unlawful, incompetent, unqualified, impaired or unprofessional practitioners," A.R.S. § 32–1403(A), BOMEX is empowered by the legislature to investigate whether a physician "has engaged in unprofessional conduct." A.R.S. § 32–1403(A)(2). *See also* A.R.S. § 32–1451(A) ("The board on its own motion may investigate any evidence that appears to show that a doctor of medicine . . . is or may be guilty of unprofessional conduct."); A.R.S. § 32–1451(C) (BOMEX shall "conduct necessary investigations . . . to fully inform itself with respect to any information filed with the board"). The executive director of BOMEX has the specific authority to "[a]ppoint and employ medical consultants and agents necessary to conduct investigations, gather information and perform those duties he determines are necessary and appropriate to enforce this chapter." A.R.S. § 32–1405(C)(4). In furtherance of these objectives, the definition of a physician's "unprofessional conduct" includes a failure to cooperate with BOMEX, its investigators or its representatives. A.R.S. § 32–1401(21)(dd). Then, undoubtedly in order to promote candor in the investigative process as well as to protect patient privacy, A.R.S. section 32–1451.01(C) provides, in pertinent part:

> [I]information received and records or reports kept by the board as a result of the investigation procedure outlined in this chapter shall not be available to the public.

The Arizona Supreme Court in *Lipschultz* construed this sentence to mean:

> medical records . . . information received and records kept by the board as a result of the investigative procedure . . . are absolutely privileged.

128 Ariz. at 19, 623 P.2d at 808. *Lipschultz* was a stronger case than this one in which to argue the propriety of the requested disclosure of BOMEX records because medical malpractice was alleged. Nonetheless, the court unequivocally said that "subsection (C)

contains no exceptions and no exceptions are implied." *Id.* at 18, 623 P.2d at 807.

■ Dr. Moos, in consideration of his medical license, had to participate in the investigation of him by BOMEX or stand accused of unprofessional conduct. In this regard, he had no choice but to be interviewed and evaluated by Dr. Lett on behalf of the board. Dr. Lett was clearly the agent of BOMEX for the purposes of Dr. Moos's evaluation. *See Valley Nat'l Bank of Phoenix v. Milmoe*, 74 Ariz. 290, 295, 248 P.2d 740, 743 (1952) ("Agency is the relationship which results from the manifestation by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other so to act."). Dr. Lett acted at the direction and under the control of BOMEX, pursuant to the board's statutory mandate to investigate complaints against physicians. *See* A.R.S. § 32–1405(C)(4). Thus, the records in Dr. Lett's possession and control, including his evaluation report, are information and records received and kept by BOMEX as a result of the investigation.[1] The clear meaning of A.R.S. section 32–1451.01(C) is that these records are not available to the public.

To hold otherwise and allow civil litigants to violate the privilege of A.R.S. section 32–1451.01(C) would eviscerate the ability of BOMEX to conduct meaningful investigations in its efforts to protect the public from the harm caused by unprofessional physicians. If litigants are allowed to subpoena a BOMEX consultant's records, the specter of being drawn into potential litigation will dissuade persons from serving as advisors. More importantly, a court order to produce BOMEX records would have a chilling effect on the degree of candor of participation, including answers during evaluations given by physicians under investigation by the board. The records are not discoverable.

---

1. We categorically reject Mrs. Moos' assertion that the privilege depends on the location of the records, i.e., that it applies only to records physically possessed by BOMEX. The obvious meaning of the word "kept" in the context of section 32–1451.01(C) is "maintained." Any other reading would be completely inconsistent with A.R.S.

§ 32–1405(C)(4) which permits the board to "[a]ppoint and employ medical consultants and agents necessary" for its investigation as well as allow the privilege to be readily circumvented. The argument also ignores the realities of modern technology.

## C. Application of A.R.S. Section 32–2085(A)

Although the trial court did not decide whether Dr. Lett and Dr. Moos enjoyed a psychologist-client privilege in accordance with A.R.S. section 32–2085, it suggested that the privilege pertains. We address that issue given the relationship in this litigation between the psychologist-client privilege and the privilege protecting BOMEX records. Any reliance on the psychologist-client privilege by the court was misplaced because, as is true of the privilege for the records held by BOMEX, Dr. Moos cannot waive a privilege he does not possess.

Section 32–2085 provides, in pertinent part:

> The confidential relations and communication between a client and a psychologist licensed pursuant to this chapter, including temporary licensees, are placed on the same basis as those provided by law between an attorney and client.

■ Dr. Lett, as an agent for BOMEX, wrote the evaluation report for the sole and exclusive use of the board in its investigation of Dr. Moos as a medical doctor. Dr. Lett neither offered nor intended to treat, care for or otherwise benefit Dr. Moos. Thus, no psychologist-client relationship existed between Dr. Lett and Dr. Moos.

An analogous situation was addressed in *Hafner v. Beck,* 185 Ariz. 389, 916 P.2d 1105 (App.1995), a case that the trial court dismissed as too broad and distinguishable from this case. We instead find *Hafner* useful to our analysis. It answered the question whether a worker's compensation claimant could sue a psychologist performing an independent medical examination ("IME") at the request of the State Compensation Fund for negligent breach of the duty of reasonable care. This court held that the evaluating physician owed no duty to the claimant because no doctor/patient relationship existed between them.

> [The evaluating physician's] duty to meet the professional standard of care in conducting the IME and in preparing his re-

port ran only to the Fund, which requested his services, and not to the examinee.

*Id.* at 392, 916 P.2d at 1108.

We find this reasoning persuasive. The psychologist-client privilege does not apply to the relationship between Dr. Lett and Dr. Moos; the duty of Dr. Lett was to BOMEX, not to Dr. Moos.

## CONCLUSION

BOMEX's investigative files, which include but are not limited to evaluations by physicians or psychologists retained by BOMEX, are absolutely privileged and not discoverable in civil litigation. We therefore grant special action relief and reverse the trial court's order compelling production of all records prepared by the consultant retained by BOMEX.

Mrs. Moos' request for costs and attorneys' fees is denied.

CONTRERAS and THOMPSON, JJ., concur.