NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BRANDON K. ANDERSON, *Plaintiff/Appellant*,

*v.*

UNION PACIFIC RAILROAD COMPANY, *Defendant/Appellee*.

No. 1 CA-CV 19-0420
FILED 8-18-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2014-095147
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

---

COUNSEL

Rabb & Rabb PLLC, Tucson
By Lloyd L. Rabb, III, Matthew L. Rabb
*Counsel for Plaintiff/Appellant*

Beaugureau Hancock Stoll & Schwartz PC, Phoenix
By Anthony J. Hancock, W. Reed Campbell
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

H O W E, Judge:

¶1       Plaintiff Brandon K. Anderson appeals from a final judgment, entered after a jury trial, in favor of defendant Union Pacific Railroad Company. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2       Anderson worked for Union Pacific as a railroad signal helper. In December 2011, he was assigned to work with a signal maintenance crew in Casa Grande, Arizona. He and his crew arrived at their assigned job site but could not begin working until another crew completed its work. The crew's foreman asked Anderson to clean "line trucks" while they waited. Anderson climbed into the backseat area of his crew's quad cab Ford F-350 to retrieve cleaning supplies. As Anderson climbed out of the truck, he "rolled his ankle" on a rock. He later underwent three surgeries to his ankle.

¶3       In November 2014, Anderson sued Union Pacific under the Federal Employers Liability Act, alleging that Union Pacific breached its duty to provide safe equipment, adequately staff its workforce, and conduct its operations in a reasonably safe manner. He further alleged that Union Pacific breached its duty by failing to equip the Ford F-350 with appropriate handholds and safety steps to allow safe entrance and exit as well as a utility box in the bed of the truck to store equipment.

¶4       Before trial, Anderson moved to preclude expert testimony that the Ford F-350 met Federal Motor Vehicle Safety Standards for Production ("FMVSP") and Ford Motor Company's Internal Standards for Production, but the court denied the motion. As trial approached, Drew Hull, the mother of Anderson's child, received a copy of Anderson's deposition as part of a family court case involving Anderson. She contacted Union Pacific, and Union Pacific subsequently amended its trial witness list to include Hull.

¶5          Hull then participated in two video-recorded depositions. Hull testified that in connection with a custody mediation in the family court case, Anderson stated that "he wouldn't have to work ever again" and that "he would be getting a settlement from the railroad[.]" Anderson objected to those statements on hearsay grounds. Hull also testified that she contacted Union Pacific because Anderson's deposition testimony that she reviewed was "blatantly wrong" and full of "inaccuracies" and "deceit." Anderson objected to those statements on relevance grounds.

¶6          Before the court played the deposition testimony at trial, Anderson moved to reconsider the decision overruling his objections.[1] He argued that Hull's statements about the truthfulness of Anderson's testimony were irrelevant and that other parts of her testimony were privileged under A.R.S. § 12–2238, which provides that communications made during a mediation are confidential. The court denied the motion, concluding that Anderson had waived the mediation privilege because he failed to assert it during Hull's depositions and that Hull's statements about Anderson's truthfulness were relevant to Hull's reason for contacting Union Pacific. Following the seven-day trial, the jury returned a verdict in favor of Union Pacific. Anderson appealed.

## DISCUSSION

### 1.  Admissibility of Testimony

¶7          Anderson maintains that the trial court erred in ruling that he had waived the Arizona mediation privilege defined in A.R.S. § 12–2238. We review challenges to the trial court's admission or exclusion of evidence for an abuse of discretion or legal error and prejudice. *Zimmerman v. Shakman*, 204 Ariz. 231, 235 ¶ 10 (App. 2003). An abuse discretion exists when the record, viewed in the light most favorable to upholding the court's ruling, is devoid of any evidence to support its ruling. *Hurd v. Hurd*, 223 Ariz. 48, 51 ¶ 19 (App. 2009).

¶8          Here, the record reflects that during Hull's depositions, Anderson did not object to Hull's testimony on the basis of privilege; instead, he objected to the admission of this evidence on hearsay grounds. He did not raise the privilege issue until moving to reconsider the denial of his motion in limine. By his failure to properly and timely object on the

---

[1]     At some point after Union Pacific indicated that it would offer Hull's deposition testimony in evidence, the trial court had overruled Anderson's objections by notations in the margin of the deposition transcript.

privilege ground, he waived the privilege claim. *See Throop v. F.E. Young & Co.*, 94 Ariz. 146, 157 (1963) (party can waive privilege by failing to properly object at trial). Thus, the trial court neither erred nor abused its discretion in admitting Hull's testimony and ruling that Anderson waived the mediation privilege.

**¶9**      Anderson contends nonetheless that a failure to timely object on the proper basis cannot waive the mediation privilege. He relies on *Grubaugh v. Blomo ex rel. Cty. of Maricopa*, which held that the filing of an attorney malpractice action did not waive the mediation privilege under A.R.S. § 12–2238(B). 238 Ariz. 264, 266 ¶ 7 (App. 2015). But that decision found that the filing of a malpractice claim by one party to a mediation against third parties did not, by itself, waive the statutory mediation privilege. Here, Anderson failed to assert his statutory privilege during Hull's depositions and even then, only raised it in a motion to reconsider rulings on motions in limine. By that time, the privileged information had long been disclosed, and without a timely effort to maintain its secrecy, the privilege was destroyed. *Grubaugh* does not abrogate the general rule that parties waive a privilege by failing to timely assert it. *Throop*, 94 Ariz. at 157. And finding waiver here by Anderson's failure to timely raise the privilege does not undercut the "strong policy of confidentiality for the mediation process" recognized in *Grubaugh.* 238 Ariz. at 270 ¶ 20. Anderson's argument therefore fails.

**¶10**      Anderson also challenges the trial court's decision to admit certain statements that commented on the truthfulness of Anderson's deposition testimony. He specifically argues that a few of Hull's statements were impermissible under Arizona Rule of Evidence ("Rule") 608 because they commented on the truthfulness of another witness's specific testimony. Rule 608 allows, with specified limitations, admission of evidence to impeach a witness's credibility. Hull's statements, however, were neither offered nor admitted to impeach Anderson's credibility. Hull's statements were instead offered as evidence of Hull's reason for contacting the defendant. Indeed, the court instructed the jury that it must not consider Hull's testimony to prove Anderson's truthfulness, but that it could consider her testimony as it related to her reason for contacting Union Pacific. Jurors are presumed to follow the court's instructions. *State v. Johnson*, 247 Ariz. 166, 204 ¶ 155 (2019). Thus, we need not decide whether the statements were admissible under Rule 608. Nor has Anderson shown the trial court abused its discretion in assessing the relevance and danger of unfair prejudice in admitting these passing references. *See* Ariz. R. Evid. 401, 403.

¶11        Anderson also argues that the trial court's limiting instruction was insufficient. But the record shows that the court's limiting instruction clearly informed the jury that it could consider Hull's testimony only to the extent it showed Hull's reason for contacting the defendant. As such, the court's instruction was sufficient to inform the jury of the limitations placed on its consideration of the evidence.

¶12        Anderson next challenges the trial court's decision to admit evidence that the truck met FMVSP and Ford Motor Company's Internal Standards for Production, contending that this evidence was irrelevant. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Ariz. R. Evid. 401. Here, Anderson alleged that Union Pacific was negligent because it supplied its employees a truck that did not have any safety steps or utility boxes. By doing so, Anderson at least implicitly alleged that the Ford F-350 was unfit or unsafe for use as a crew truck in its stock condition. Evidence that the Ford F-350 complied with FMVSP and Ford's manufacturing and design standards was relevant to determining whether the truck was unsafe in its condition.

### 2. Jury Instructions

¶13        Anderson contends that the trial court erred in giving instruction No. 11, which provided that "[s]tanding alone, the mere fact that an accident happened does not permit you to draw the inference that the accident was caused by anyone's negligence." He maintains that the instruction constitutes an impermissible unavoidable accident instruction.[2] But the instruction is not an unavoidable accident instruction. The wording of the instruction is similar to the language used in *Bliss v. Treece,* 134 Ariz. 516 (1983). There, the trial court instructed the jury that "[t]he fact that a collision happened does not necessarily mean that someone was negligent[.]" *Id.* at 520. The Court held that the instruction fell short of being an unavoidable accident instruction because it referred only to the absence of negligence. *Id.* at 521. As such, this argument fails.

---

[2]        Anderson argues, in the alternative, that the court erred in giving instruction No. 11 because the Federal Employer's Liability Act does not require a finding of proximate cause and the instruction prohibited the jury from making a permitted inference under FELA. This argument is waived, however, because Anderson raises it for the first time on appeal. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265 ¶ 15 (App. 2004).

## CONCLUSION

¶14     For the foregoing reasons, we affirm. As the prevailing party, Union Pacific is awarded his costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA