NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ISSA SULIMAN DEEBES, *Petitioner/Appellant*,

*v.*

BRENDA JEAN DEEBES, *Respondent/Appellee*.

No. 1 CA-CV 24-0417 FC

FILED 03-13-2025

Appeal from the Superior Court in Mohave County
No. B8015DO202104245
The Honorable Aaron Michael Demke, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Sternberg & Singer, Ltd., Phoenix
By Melvin Sternberg
*Counsel for Petitioner/Appellant*

Gallagher & Kennedy, P.A., Phoenix
By Melissa Benson
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

¶1 Issa Suliman Deebes ("Husband") appeals the decree dissolving his marriage to Brenda Jean Deebes ("Wife") and the order denying his post-trial motions. Husband challenges the court's property division and attorney's fees award, claiming the court improperly considered marital misconduct and statements made during mediation. We vacate the property division and attorney's fees award but affirm the remainder of the dissolution decree.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Husband and Wife married in 1979, then divorced and remarried. In 2021, Husband petitioned to dissolve the marriage. In the dissolution decree, the court awarded Wife the marital home and investment properties and gave Husband all the couple's gold and silver (excluding Wife's jewelry). The estimated value of the properties totaled over $2 million, but at the time of the trial, less than $200,000 worth of gold and silver was present in the marital home. The court explained this inequality was necessary because Wife testified that the couple owned $4.5 million in gold and silver, most of which she claimed Husband was hiding. Because of the difficulty of enforcing a division of hidden property, the court determined an unequal property division was necessary.

¶3 These rulings followed a three-day hearing during which Wife repeated statements that Husband had made during a pretrial mediation. Husband objected, citing confidentiality, but the court allowed Wife to testify about Husband's final settlement offer during mediation as proof that he had acted unreasonably. Wife also testified about several domestic violence incidents that occurred during the marriage and a protective order she had against Husband.

¶4 Husband moved to amend the judgment and set a supersedeas bond. In denying the post-trial motions, the court wrote:

> The Court finds that [Wife] was more credible on many issues but especially on the amount and value of the gold, jewels, and money that [Husband] has amassed over the years. The Court finds that [Husband] has amassed millions of dollars of gold, jewelry, and precious metals. It is impossible to know the exact amount of this hoard as [Husband] has made a concerted effort to hide his treasure. The Court finds that this behavior was both for tax reasons as well as to hide it from [Wife]. The Court finds credible the testimony that [Husband] threatened [Wife] that she would end up with nothing if she divorced him. This is supported by testimony but also by the low settlement offer by [Husband].

¶5        Husband appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1) and Arizona Rule of Family Law Procedure ("Rule") 78(c).

## DISCUSSION

¶6        Because the court improperly admitted misconduct evidence and confidential statements made during the mediation, we vacate the property division and attorney's fees award.

## A.        The Admission of Wife's Testimony Prejudiced Husband.

¶7        During the trial, Wife testified about several incidents of domestic violence that occurred during the marriage. She also testified about a protective order she had against Husband. Husband argues this testimony violated the statutory mandate that the court divide community property without considering marital misconduct. *See* A.R.S. § 25-318(A).

¶8        Generally, all relevant evidence is admissible unless otherwise prohibited. Ariz. R. Evid. 402. Evidence inadmissible for one purpose may be admitted for another purpose. *See* Ariz. R. Evid. 105. But if the probative value of relevant evidence is substantially outweighed by the risk of unfair prejudice, the court should exclude it. Ariz. R. Evid. 403. The evidence of misconduct was inadmissible under A.R.S. § 25-318(A), which raises whether it was admissible for any other purpose. *See Readenour v. Marion Power Shovel,* 149 Ariz. 442, 449 (1986).

¶9        To start, Husband waived his claims related to Wife's testimony on incidents of domestic violence because he failed to object at the trial and, in some cases, even elicited further testimony. *See Est. of Reinen v. N. Ariz. Orthopedics, LTD.*, 198 Ariz. 283, 286, ¶ 9 (2000). For this reason,

our review concerns the protective order, to which Husband objected. Wife argued for its admission not to show marital misconduct but to persuade the court to divide the community's assets to minimize contact between the parties. But Wife's argument is not persuasive because a court should always favor splitting property to minimize contact between the parties after the divorce. *See Nesmith v. Nesmith*, 112 Ariz. 248, 253 (1975) (Awarding parties an undivided one-half interest in property can lead to "mismanagement of the property not to mention the many possibilities for added friction between two individuals."); *Martin v. Martin*, 156 Ariz. 452, 458 (1988) (Even when the court cannot divide property, § 25-318(A) authorizes the court to award the property to one spouse and award the other an amount of money representing his or her interest in the property rather than awarding co-ownership.); A.R.S. § 25-318(A) ("[T]he court *shall* also *divide* the community, joint tenancy and other property held in common equitably . . . .") (emphasis added).

¶10          Wife also argues that the protective order was admissible to prove that Husband acted unreasonably for the purpose of Wife's request for attorney's fees under A.R.S. § 25-324. But while Husband's conduct may have required Wife to incur more attorney's fees in obtaining the protective order, such conduct is irrelevant to the reasonableness of his legal positions taken during the dissolution litigation. *See* A.R.S. § 25-324 (The court may, "after considering the . . . reasonableness of the positions each party has taken throughout the [current] proceedings," order a party to pay the other party's costs and expenses.); *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10 (App. 2008) (The court must evaluate the propriety of a litigant's *legal* position by an objective standard of reasonableness.). Because the protective order does not relate to the reasonableness of Husband's legal positions taken during the dissolution litigation but to his reasonableness as a person, it was not admissible for that purpose.

¶11          With no valid purpose supporting the protective order's relevance to the issues before it, the court erred by its admission. *See* Ariz. R. Evid. 402. Even so, any error the superior court makes admitting evidence is generally not grounds for disturbing a judgment unless it affects a party's substantial rights or justice requires otherwise. Ariz. R. Fam. L. P. 86. In a trial without a jury, we will not reverse judgments when findings are supported by competent evidence. *Ollason v. Glasscock*, 26 Ariz. 193, 200 (1924); *State v. Warren*, 124 Ariz. 396, 402 (App. 1979) (When a court allows inadmissible evidence, we will "assume, unless it affirmatively appears to the contrary, that the [court] only considered the competent evidence in arriving at the final judgment.").

¶12      Wife testified that the amount of gold and silver the couple owned was $4.5 million, but less than $200,000 worth of the metal was present in the marital home at the time of the trial. Wife offered evidence that the parties paid $462,567 for precious metals valued at $792,982 through their pawn shop. But she did not explain how she arrived at the $4.5 million value she claimed at the trial. The court used this evidence to support its ruling about the value of the gold and silver, finding Wife more credible than Husband. But Husband's credibility was tainted by the improperly admitted and highly prejudicial evidence. And the court stated it relied in part on Husband's threats to support its conclusions. We cannot say it was harmless to admit and rely on marital misconduct to arrive at the property division.

## B.    The Court Erred by Considering Statements from the Mediation.

¶13      Along with relying on marital misconduct, the court relied on confidential communications from the mediation to arrive at its property division and attorney's fee award. Family Rule 67.3(a) allows parties to confer with a neutral mediator to resolve disputes. Generally, mediations are confidential, and communications and materials created for mediation may not be discovered or admitted into evidence. A.R.S. § 12-2238(B). Rule 67.3 provides that A.R.S. § 12-2238's confidentiality provisions apply to family-law mediations. Ariz. R. Fam. L. P. 67.3(b)(1).

¶14      Because of the strong confidentiality protections in the statute and Rule, disclosure of statements made in mediation is extremely limited. Under A.R.S. § 12-2238, a statement may be discovered or admitted into evidence only if it meets the criteria for one of five exceptions: all parties to the mediation agree to the disclosure, the disclosure relates to a party's claim or defense against the mediator or a breach of a legal obligation owed by the mediator, the disclosure is required by statute, the disclosure is necessary to enforce an agreement to mediate, or the disclosure is made by a court-appointed mediator to law enforcement about a reportable offense for vulnerable populations. A.R.S. § 12-2238(B). The Rule applies the statute's protections in the family-law context with other exceptions for the mediator's communications with the court. Ariz. R. Fam. L. P. 67.3(b)(2).

¶15      Husband and Wife participated in mediation before the dissolution trial. But even though these statements were confidential, Wife began introducing excerpts in her pretrial statement before the trial. Then, at the trial, Wife testified about Husband's final settlement offer during mediation for $275,000. Wife argued, and the court agreed, that the statements were admissible under A.R.S. § 25-324 to show that Husband

acted unreasonably, entitling her to attorney's fees. Wife did not mention the offer just once, and the offer was brought up in the opening, closing, and throughout her testimony. Then, in the dissolution decree, the court ordered Husband to pay $15,000 in attorney's fees, finding his ability to pay was greater and "that [Husband] did not negotiate in good faith when he made an unreasonable final offer . . . to settle this case . . . [and] that [Husband] did not fully disclose all of his financial resources in preparation for this case."

**¶16** If Husband's offer to settle had been made outside of mediation, it may have been considered under A.R.S. § 25-324. While Arizona Rule of Evidence 408[1] forbids using a settlement offer to prove the validity of a disputed claim, it does not prevent the court from considering it for another purpose, such as unreasonableness. *See* Ariz. R. Evid. 408(b). But because Husband's final offer was made during mediation, it was entitled to protection under A.R.S. § 12-2238(B). Proving that a party's final offer was unreasonable to award attorney's fees is not an exception under A.R.S. § 12-2238 or Rule 67.3, nor does A.R.S. § 25-324 provide a mechanism for overcoming A.R.S. § 12-2238's confidentiality shield. *See* A.R.S. § 25-324.[2] Instead, a party may seek to disclose the other party's statements to ask the court to enforce the agreement to mediate under A.R.S. § 12-2238(B)(4).

**¶17** We are concerned by the court's choice to admit and rely on these statements in its findings. The court relied on the settlement offers when it awarded Wife attorney's fees and again when it denied Husband's post-trial motions. Thus, these statements cast doubt on the award of attorney's fees and the entire division of assets. *Anderson v. Alabam Freight Lines*, 64 Ariz. 313, 318 (1946) (Reversal is proper where evidence

---

[1] Under Rule 2(b) certain evidentiary rules do not apply in family proceedings unless officially invoked. In this case, there was no formal invocation, however, under Rule 2(b), Arizona Rule of Evidence 408 applies regardless.

[2] While A.R.S. § 25-324(B) does allow for an award of attorney's fees if a petition was filed for an improper purpose such as to harass the other party and cause undue delay, Wife makes no such claim here. She instead based her claim on Husband's ability to pay and the unreasonableness of his positions at the trial under subsection (A).

affirmatively appears in the record that erroneously admitted evidence affected the court's judgment.).

**¶18** Even more troubling is that Wife did not disclose complete statements and left out information relevant to evaluating the reasonableness of Husband's offer. Husband revealed that his final offer supplemented Wife's withdrawal of more than $500,000 from their accounts. While $275,000 might seem unreasonable given the judgment rendered, Wife was willing to accept $500,000 in the same mediation, meaning both parties negotiated using much lower amounts than what was awarded at the trial.

**¶19** The court's admission of the statements and finding that Husband was unreasonable contradicts the statute's confidentiality policy. *See Grubaugh v. Blomo*, 238 Ariz. 264, 268, ¶ 14 (App. 2015) (Confidentiality in mediation encourages candor by alleviating parties' fears that what they disclose in mediation may later be used against them.). Thus, the court abused its discretion by using the mediation statements. *See Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) (A court abuses its discretion when it "commits an error of law in the process of reaching a discretionary conclusion.").

## ATTORNEY'S FEES AND COSTS ON APPEAL

**¶20** Both parties request attorney's fees and costs on appeal. Wife requests fees and costs under ARCAP 21 but fails to identify the statute underlying her request. We may deny Wife's request on that ground alone. *See* ARCAP 21(a)(2). We would also deny it if properly brought under A.R.S. § 25-324, the statute Husband cites in support of his request. In assessing entitlement to fees under A.R.S. § 25-324, we consider the reasonableness of the parties' positions on appeal and the parties' financial positions. *See Doherty v. Leon*, 249 Ariz. 515, 523, ¶ 24 (App. 2020). In assessing the statutory requirements, we find that improperly bringing confidential statements into the record and introducing improper evidence of marital misconduct is not a reasonable position. As Wife has maintained this position on appeal, and balanced against the relative financial resources, per our discretion, we award Husband his reasonable attorney's fees and costs upon compliance with ARCAP 21. *See* A.R.S. § 25-324.

## CONCLUSION

**¶21** We vacate the court's division of property and debts, and its attorney's fees award, and remand for further proceedings. The remainder of the dissolution decree is otherwise affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR